ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| WALMART CORP. Y SU ASEGURADORA ABX, HUGO GONZÁLEZ<br><br>Apelante<br><br>v.<br><br>ELMER OTERO VÁZQUEZ<br><br>Apelada | **TA2025AP00218** | *Apelación* procedente del Tribunal de Primera Instancia Sala Superior de Arecibo<br><br>Civil Núm. AR2025CV00461<br><br>Sobre: Daños y Perjuicio, Acoso Laboral, Discrimen Ley 100, Ley ADA y Despido Injustificado Ley 80 |

Panel integrado por su presidenta la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero.

Bonilla Ortiz, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 11 de septiembre de 2025.

Comparece ante este foro Walmart Puerto Rico, Inc. (Walmart) y Hugo González (en conjunto, parte apelante) y nos solicitan que revisemos una *Sentencia Parcial* emitida el 15 de julio de 2025 por el Tribunal de Primera Instancia, Sala Superior de Arecibo, notificada el 16 de julio de 2025. Mediante el referido dictamen, el foro primario desestimó sin perjuicio la causa de acción presentada por Elmer Otero Vázquez (señor Otero o parte apelada) al amparo de la Ley ADA.

Por los fundamentos que se exponen a continuación, **CONFIRMAMOS** la *Sentencia Parcial* apelada.

**I.**

El 14 de marzo de 2025, el señor Otero presentó una *Demanda* en contra de Walmart; su aseguradora, ABX; y Hugo González (señor González) por daños y perjuicios;

acoso laboral al amparo de la Ley Núm. 90 del 7 de agosto de 2020, conocida como *Ley para Prohibir y Prevenir el Acoso Laboral en Puerto Rico,* 29 LPRA sec. 3111 *et seq.* (Ley Núm. 90-2020); discrimen al amparo de la Ley Núm. 100 del 30 de junio de 1959, conocida como *Ley Antidiscrimen de Puerto Rico*, 29 LPRA sec. 146 *et seq.* (Ley Núm. 100-1959); *American Disabilities Act*, 42 USC sec. 12188 (Ley ADA); y despido injustificado al amparo de la Ley Núm. 80 del 30 de mayo de 1976, conocida como *Ley Sobre Despidos Injustificados*, 29 LPRA sec. 185 *et seq*. (Ley Núm. 80-1976).[1]

El señor Otero esbozó que, el 20 de marzo de 2018, comenzó a trabajar para Walmart en el puesto de Asociado de Ventas. Indicó que solicitó un acomodo razonable debido a su condición de albinismo, la cual no le permite conducir. Por otra parte, sostuvo que, desde marzo del 2023, comenzó a ser objeto de hostigamiento laboral por parte del señor González. Especificó que el señor González interrumpía constantemente su trabajo al querer acelerar el ritmo laboral. Además, sostuvo que el señor González realizaba comentarios inapropiados sobre su condición de albinismo e insinuaba que tenía relaciones sentimentales con compañeras de trabajo. Adujo que lo anterior creaba un ambiente incómodo y poco profesional. Asimismo, indicó que las acciones del señor González le generaban estrés y dificultaban su desempeño en el trabajo. En consecuencia, alegó que presentó una queja ante su supervisor pero que este no tomó medidas efectivas ante la situación. Sostuvo que, tras cinco meses sin recibir respuestas de su supervisor, elevó la

---

[1] *Demanda*, entrada núm. 1 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).

situación al departamento de Recursos Humanos donde se inició una investigación. Indicó que, en diciembre de 2023, el departamento de Recursos Humanos concluyó que el señor González había incurrido en conducta inapropiada. No obstante, expresó que la única acción tomada fue un diálogo con el señor González, sin aplicar medidas correctivas sustanciales, por lo que este reanudó su actitud hostil.

El señor Otero añadió que, en junio del 2024, se reportó a la Corporación del Fondo del Seguro del Estado (CSFE) debido al estrés extremo que enfrentaba. Asimismo, explicó que se vio forzado a renunciar debido al ambiente hostil e insostenible creado por el señor González y la inacción de la empresa. Conforme a ello, presentó su renuncia el 2 de julio de 2024. Sostuvo que dicho despido equivale a un despido injustificado bajo la Ley Núm. 80-1976. Además, adujo que la empresa no tomó medidas adecuadas para su protección ni le proveyó un acomodo razonable, en violación de la Ley Núm. 44 del 2 de julio de 1985, conocida como *Ley para Prohibir el Discrimen Contra las Personas con Impedimentos Físicos, Mentales o Sensoriales*, 1 LPRA sec. 501, *et seq.* (Ley Núm. 44-1985) y la Ley ADA. Indicó que fue objeto de hostigamiento constante, lo cual afectó su salud y bienestar emocional, en incumplimiento con la Ley Núm. 90-2020. Por todo lo anterior, solicitó que se declarara *Ha Lugar* la *Demanda* y se condenara a los apelantes a compensar los daños reclamados.

En respuesta, el 2 de mayo de 2025, la parte apelante presentó una *Moción de Desestimación al Amparo*

*de la Regla 10.2 de Procedimiento Civil.*[2] En esta, sostuvo que las alegaciones expuestas en la *Demanda* dejan de exponer una reclamación que justifique la concesión de un remedio a favor del señor Otero. Asimismo, indicó que el foro primario carecía de jurisdicción con respecto a la causa de acción de acoso laboral y discrimen bajo la Ley ADA. Ello debido a que el señor Otero no agotó los remedios estatutariamente requeridos antes de presentar una acción judicial.

El 21 de mayo de 2025, el señor Otero presentó *Oposición a Moción en Solicitud de Desestimación.*[3] Mediante esta, sostuvo que la *Demanda* expone alegaciones concretas y detalladas, suficientes para establecer las causas de acción presentadas. Por otro lado, en cuanto al incumplimiento con los procesos administrativos bajo la Ley ADA o la Ley Núm. 90-2020, arguyó que existen múltiples excepciones al requisito de agotar los remedios administrativos. Por todo lo anterior, solicitó del foro primario que declarara *No Ha Lugar* a la *Moción de Desestimación al Amparo de la Regla 10.2 de Procedimiento Civil* presentada por la parte apelante.

En respuesta, el 22 de mayo de 2025, la parte apelante presentó *Replica a Moción en Solicitud de Desestimación.*[4] En síntesis, reiteró su planteamiento en cuanto a que las alegaciones expuestas en la *Demanda* dejan de exponer una reclamación que justifique la concesión de un remedio. Además, alegó que el señor Otero presentó argumentos vacíos y sin fundamentos

---

[2] *Moción de Desestimación al Amparo de la Regla 10.2 de Procedimiento Civil*, entrada núm. 7 en SUMAC.
[3] *Oposición a Moción en Solicitud de Desestimación,* entrada núm. 11 en SUMAC.
[4] *Replica a Moción en Solicitud de Desestimación,* entrada núm. 12 en SUMAC.

fácticos para sostener las causas de acciones reclamadas. Indicó que la ley ADA y la Ley Núm. 90-2020 son claras con respecto a la obligación de agotar los remedios administrativos antes de acudir a los foros primarios. Por todo lo anterior, solicitó del foro primario que declarara *Ha Lugar* la *Moción de Desestimación* presentada por la parte apelante.

Posteriormente, el 16 de julio de 2025, el foro primario notificó una *Sentencia Parcial.*[5] Mediante el referido dictamen, dispuso que los hechos presentados en la *Demanda* son suficientes para sostener la reclamación del señor Otero ante una moción de desestimación, excepto aquella presentada al palio de la Ley ADA. En su consecuencia, desestimó sin perjuicio dicha reclamación.

Inconforme, el 8 de agosto de 2025, la parte apelante presentó una apelación y formuló los siguientes señalamientos de error:

> Erró el TPI al no determinar que procedía desestimar la causa de acción de acoso laboral al amparo de la Ley Núm. 90-2020, según enmendada, debido a la falta de agotamiento de remedios previos y al desestimar sin perjuicio la causa de acción discrimen por impedimento bajo ADA.
>
> Erró el TPI al no desestimar la causa de acción de despido constructivo al amparo de la Ley Sobre Despidos Injustificados, Ley Núm. 80 de[l] 30 de mayo de 1976, según enmendada.
>
> Erró el TPI al no desestimar la causa de acción de discrimen por incapacidad al amparo de la Ley para Prohibir el Discrimen contra las personas con impedimentos físicos, mentales o sensoriales, Ley Núm. 44 de[l] 2 de julio de 1985, según enmendada.
>
> Erró el TPI al no desestimar la causa de acción de discrimen por incapacidad al amparo de la Ley Contra el Discrimen en el

---

[5] *Sentencia*, entrada núm. 13 en SUMAC.

Empleo, Ley Núm. 100 de[l] 30 de junio de 1959, según enmendada.

El 19 de agosto de 2025, emitimos una *Resolución* concediéndole a la parte apelada el término dispuesto en el Reglamento de este Tribunal, según enmendado, 2025 TSPR 42, para presentar su alegato.

Pasado el término establecido para someter escrito en oposición sin la comparecencia del señor Otero, el caso quedó sometido para adjudicación. Estando en posición para resolver, procedemos a así hacerlo.

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

**II.**

**A.**

Nuestro Tribunal Supremo ha expresado que una persona contra quien se presenta una reclamación judicial puede solicitar la desestimación del pleito si es evidente que de las alegaciones incluidas en la demanda prosperará alguna de las defensas afirmativas de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2. *Comisión v. González Freyre*, 211 DPR 579 (2023); *Eagle Security Police, Inc. v. Dorado, 211 DPR 70, 83 (2023); Trans-Oceanic Life Ins. v. Oracle Corp., 184 DPR 689, 701 (2012).* Entre estas se encuentra la defensa del inciso (5) de la Regla 10.2 de Procedimiento Civil, *supra*, la cual permite la radicación de una solicitud de desestimación bajo la defensa de que la demanda "deja de exponer una reclamación que justifique la concesión de un remedio". *Eagle Security Police, Inc. v. Dorado*, supra. En tales casos, la desestimación solicitada se dirige a los méritos de la controversia y no a los aspectos

procesales. *Montañez v. Hosp. Metropolitano,* 157 DPR 96 (2002).

El Tribunal Supremo de Puerto Rico ha expresado en diversas ocasiones que, ante una moción de desestimación, las alegaciones hechas en la demanda hay que interpretarlas conjuntamente, liberalmente y de la manera más favorable posible para la parte demandante. *Colón v. Lotería,* 167 DPR 625, 649 (2006); *Dorante v. Wrangler of PR,* 145 DPR 408, 414 (1998). Para que prevalezca una solicitud de desestimación al amparo de la Regla 10.2, *supra*, el tribunal debe convencerse con certeza de que el demandante no tiene derecho a remedio alguno bajo cualquier estado de derecho que se pudiere probar en apoyo a su reclamación, aun interpretando la demanda lo más liberalmente a su favor. *Rivera Sanfeliz et al. V. Jta. Dir. Firstbank*, 193 DPR 38, 49 (2015). Para alcanzar dicha conclusión, es necesario que el tribunal considere como ciertas todas las alegaciones fácticas que hayan sido aseveradas de manera clara en la demanda. *Rivera Sanfeliz et al. v. Jta. Dir. FirstBank*, supra; *Colón v. Lotería*, supra. Así pues, los foros judiciales deben ponderar si, a la luz de la situación más favorable al demandante y resolviendo toda duda a su favor, la demanda es suficiente para establecer una reclamación válida. *Eagle Security Police, Inc. v. Dorado*, supra, pág. 84.

**III.**

Mediante el recurso que nos ocupa, la parte apelante impugna la *Sentencia Parcial* emitida el 15 de julio de 2025, notificada el 16 de julio de 2025. En vista de ello, la parte apelante formuló cinco

señalamientos de error los cuales, por estar relacionados, se atenderán en conjunto. En esencia, la parte apelante alega que el foro primario erró al no desestimar las causas de acción levantadas por la parte apelada en su *Demanda*.

Luego de una evaluación minuciosa del legajo ante nos, concluimos que no le asiste la razón a la parte apelante. Veamos.

Según esbozado anteriormente, el inciso (5) de la Regla 10.2 de Procedimiento Civil, *supra*, permite que la parte demandada presente una moción de desestimación levantando como defensa que la demanda incoada en su contra deja de exponer una reclamación que justifique la concesión de un remedio. Al resolver este tipo de moción dispositiva bajo dicho fundamento, se tomarán como ciertos todos los hechos bien alegados en la demanda. Dichas alegaciones se interpretarán conjuntamente, liberalmente y de la forma más favorable posible para la parte demandante. Por ello, la demanda no deberá desestimarse, a menos que se demuestre que la parte demandante no tiene derecho a remedio alguno, bajo cualesquiera hechos que pueda probar.

Al evaluar las alegaciones contenidas en la *Demanda* de epígrafe, concluimos que estas son suficientes y cumplen con los criterios establecidos en la Regla 10.2(5) de Procedimiento Civil, *supra*, según discutidos previamente. En el caso ante nuestra consideración, el señor Otero esbozó en su *Demanda* alegaciones que, de demostrarse que la parte apelante incurrió en la conducta imputada, se pueden justificar los remedios solicitados. En atención a lo anterior, concluimos que el foro primario no incidió al determinar

que los hechos presentados en la demanda son suficientes para sostener su reclamación ante una moción de desestimación, excepto aquella presentada al palio de la Ley ADA. Ante tales circunstancias, determinamos que el foro primario no incidió al desestimar sin perjuicio la causa de acción al amparo de la Ley ADA, mas no así las demás causas de acción presentadas en la *Demanda*.

**IV.**

Por los fundamentos que anteceden, **CONFIRMAMOS** la *Sentencia Parcial* emitida el 15 de julio de 2025.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones